46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William H. WILLIAMS, a/k/a Kenneth Biddle, Defendant-Appellant.
 No. 94-5057.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1995.
Decided Feb. 9, 1995.
 
 Hunt L. Charach, Fed. Public Def. and C. Cooper Fulton, Asst. Fed. Public Defender, Charleston, WV, for appellant.
 Rebecca A. Betts, U.S. Atty. and Michael L. Keller, Asst. U.S. Atty., Charleston, WV, for appellee.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM.
 
 OPINION
 
 1
 William H. Williams entered a guilty plea to conspiracy to distribute lysergic acid diethylamide (LSD), 21 U.S.C.A. Sec. 846 (West Supp.1994), and was sentenced to a term of 210 months. He appeals his sentence, contending that the district court clearly erred in finding that he was a leader or organizer in an offense involving five participants, United States Sentencing Commission, Guidelines Manual Sec. 3B1.1(a) (Nov.1993), and also abused its discretion in denying him a continuance of the sentencing hearing. We affirm.
 
 
 2
 After making three sales of LSD in St. Albans, West Virginia, to a confidential informant ("CI"), Williams accepted payment from the CI for 500 unit doses of LSD which he was to obtain from a source in California. When the LSD failed to arrive, Williams drove to California to get it, taking with him Jamie Kirkham (his girlfriend), Steven Blake, and Missy Shreve. Paul Morris joined the group in California. After requesting additional funds from the CI, Williams acquired and, with Blake's assistance, shipped 2000 units of LSD to the CI via Federal Express. The shipment included LSD which the CI had not purchased, and which was to be returned to Williams. While Williams and the others were in California and on the return trip to West Virginia, the CI received several calls from Kirkham and Shreve in which they requested additional money and gave him instructions about what to do with the LSD. On their return to St. Albans, all five were arrested. Williams and Morris were charged with conspiracy and entered guilty pleas. Blake was charged with use of a communication facility in the commission of a felony drug offense. Kirkham and Shreve, both juveniles, were not charged.
 
 
 3
 At Williams' initial sentencing hearing in April 1993, Williams stipulated that Shreve instructed the CI to place the extra LSD and $50 under the seat of Williams' car, which was parked on the street in St. Albans. Williams' argument concerning his role was that he was not a leader in the offense because the other four participants had the same level of involvement that he did. However, the district court found that Williams organized and directed the activities of the others, and gave him a four-level adjustment. The sentencing hearing was continued so that Williams might benefit from expected changes in the guidelines for LSD offenses.
 
 
 4
 When Williams' sentencing was reconvened in December 1993, he was represented by a different attorney from the Federal Public Defender's Office. His new counsel sought reconsideration of various issues, including Williams' role in the offense. He requested a continuance and permission to subpoena the other participants to show that Williams did not supervise anyone and that Shreve, in particular, was not a "criminally responsible" participant in the offense, making a four-level adjustment inappropriate. The district court refused to reopen the issue or to allow Williams to subpoena witnesses. Sentencing was continued on another question, however, and Williams' sentencing was completed in January 1994.
 
 
 5
 Williams argues on appeal that the district court erred in failing to determine whether Shreve was a participant, and also argues that there was insufficient evidence on which to base a finding that she was a participant. Williams asserts that there was no evidence concerning the substance of her call to the CI. This is inaccurate; at the first sentencing hearing in April 1993, Williams stipulated that Shreve instructed the CI to put the LSD he had not paid for under the seat of Williams' car. More important, Williams stipulated that Shreve was a participant. Moreover, the commentary to section 3B1.1 makes clear that a participant who is not "criminally responsible" must be a completely innocent party. The example given is an undercover law enforcement officer. USSG Sec. 3B1.1, comment. (n.1). A confidential informant might be another example, or a person who is unknowingly used by the conspirators. Shreve was none of these.
 
 
 6
 The district court's determination of the defendant's role in the offense is a factual question which we review for clear error. United States v. Smith, 914 F.2d 565, 569 (4th Cir.1990), cert. denied, 498 U.S. 1101 (1991). On this record, we cannot say that the district court clearly erred in finding by a preponderance of the evidence that Shreve was a participant and Williams was a leader in the offense. The court could have so found even if Shreve had been subpoenaed and had testified to the contrary. Therefore, the court did not abuse its discretion when it refused to hear further evidence on the issue.
 
 
 7
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED